UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CAMERON S. SHORES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:18CV229 JMB |
| TIMOTHY S. MILLER, TRISHA C. STEFANSKI, NICHOLAS FORLER, SHANNON R. DOUGHERTY, and ANTONIA T. MANANSALA, | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Cameron S. Shores, an inmate at Jefferson County Jail, for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is legally frivolous.

### Legal Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of

vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action for "trespass and trespass on the case." He alleges defendants "have begun a simulated legal process under color of state law which has deprived [him] of his rights to life, liberty, property." Plaintiff alleges a "State Trust created a legal estate in [plaintiff], which acts as the nexus to bring actions against this individual as if he were a corporation instead of a male human being." Plaintiff also alleges defendants are committing treason and an act of "mixed domestic war." Plaintiff fired his court-appointed attorney in his underlying criminal case, and alleges the State of Missouri has no jurisdiction over him. Finally, plaintiff alleges Fourth Amendment violations arising out of a search of his home.

For relief, plaintiff seeks declaratory judgment that defendants have no jurisdiction over him, and that he is exempt from criminal charges. He seeks monetary damages of more than $26 million.

## Discussion

Plaintiff cannot unilaterally bestow sovereign immunity upon himself. *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984). Plaintiff's purported status as "sui juris. Of his own right; possessing full social and civil rights; not under any legal disability, or the power of another, or guardianship. Having capacity to manage one's own affairs; not under legal disability to act for one's self" does not enable him to violate state or federal laws without consequence. As a result, plaintiff's allegations are legally frivolous. *See United States v. Hart*,

701 F.2d 749, 750 (8th Cir. 1983) (per curiam); *see also United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013).

Moreover, the Court notes that plaintiff has raised many of these arguments in his pending criminal case, *State v. Shores*, No. 17JE-CR01327-01 (Jefferson County). On October 13, 2017, plaintiff filed in his criminal case a "Cause of Action—Lack of Jurisdiction, Trespass and Trespass on the Case." On January 9, 2018, plaintiff sent a cease and desist letter to all judicial officers in Jefferson County Circuit Court stating that he is not a United States citizen and that the court has no jurisdiction over him.

In *Younger v. Harris*, the Supreme Court directed federal courts to abstain from hearing cases where "the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999); *see also Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). While noting that plaintiff's case is legally frivolous, the Court also concludes abstention is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of February, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE